E-FILED
Thursday, 11 June, 2026  03:56:10 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    26-3193 |
| | ) | |
| G & H MASONRY, LLC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, CENTRAL LABORERS' PENSION FUND, by its attorneys, CAVANAGH & O'HARA LLP, complaining of the Defendant, G & H MASONRY, LLC, and alleges as follows:

1.    This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 et seq. ("ERISA") and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 et seq. ("LMRA"), for the recovery of liquidated damages and interest incurred as a result of Defendant's late payment of contributions that Defendant was obligated to make to Plaintiff under the terms of the Trust Agreement and applicable collective bargaining agreements.

2.    This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 because federal district courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

3.    Plaintiff CENTRAL LABORERS' PENSION FUND is an employee benefit plan maintained in accordance with the provisions of ERISA and the LMRA.

4.	Plaintiff provides retirement and other benefits to the employees of participating employers who pay fringe benefit contributions to the Plaintiff on behalf of their employees.

5.	G & H MASONRY, LLC ("Defendant") is an Iowa corporation registered to do business in Iowa, with a principal place of business at 21630 257th Avenue, Le Claire, Iowa 52753.

6.	Plaintiff is administered pursuant to the terms and provisions of an agreement and declaration of trust, as amended and restated (the "Trust Agreement").

7.	A copy of the Trust Agreement is attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference.

8.	Defendant is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

9.	Defendant is a party to or otherwise bound by memorandums of agreement and collective bargaining agreements (collectively, but not exclusively, the "Collective Bargaining Agreements") with Laborers Local 309 (collectively, but not exclusively, the "Local Union").

10.	Copies of relevant portions of the Collective Bargaining Agreements are attached hereto as Exhibit "B" and fully incorporated herein and made a part hereof by this reference.

11.	Defendant is bound by the provisions of the Trust Agreement pursuant to the Collective Bargaining Agreements.

12.	Defendant is required under the Collective Bargaining Agreements and Trust Agreement to pay contributions to Plaintiff for all hours of work performed by its employees each month that is covered by the Collective Bargaining Agreements.

13.	Pursuant to §1145 of ERISA, the Defendant is required to pay fringe benefit contributions to the plaintiff in accordance with the terms and conditions of the Trust Agreement. *See* 29 U.S.C. §1145.

14.    Defendant is required under the Collective Bargaining Agreements and Trust Agreement to provide Plaintiff with written reports each month detailing hours worked by its employees and the contributions that are owed to Plaintiff (the "monthly reports").

15.    Defendant is required under the Collective Bargaining Agreements and Trust Agreement to provide completed monthly reports, and remit the appropriate payments of contributions owed, to the Plaintiff on or before the 15th day of the calendar month following the month in which the contributions and other amounts accrued.

16.    If Plaintiff does not receive the monthly reports with the appropriate payments of contributions owed within fifteen (15) days from the date they are originally due, or the due date as extended by the Trustees by resolution, which extension may not exceed forty-five (45) days, then Defendant is delinquent in reporting information and paying contributions to the Plaintiff.

17.    Defendant provided to the Plaintiff monthly reports with payment of the contributions due for the months of July 2024, August 2024, September 2024, January 2025, February 2025, March 2025, April 2025, May 2025, June 2025, July 2025, August 2025, September 2025, October 2025, November 2025, March 2026, February 2026, and January 2026.

18.    Defendant's monthly reports for the above months were due to Plaintiff on or before the fifteenth (15th) day of the month following the month in which the work was performed.

19.    Defendant's monthly reports with payment of contributions were not provided to Plaintiff within fifteen (15) days from the date the monthly report and payment of contributions was originally due, and the due date was not otherwise extended by the Trustees by resolution.

20.    Defendant breached provisions of the Trust Agreement and ERISA by failing to timely provide Plaintiff with monthly reports and pay contributions that were owed to the Plaintiff in accordance with the provisions of the Trust Agreement.

21.     Defendant owes Plaintiff liquidated damages equal to 10% of the delinquent contributions paid for July 2024, August 2024, September 2024, January 2025, February 2025, March 2025, April 2025, May 2025, June 2025, July 2025, August 2025, September 2025, October 2025, November 2025, March 2026, February 2026, and January 2026, or twenty-five dollars, whichever is greater, pursuant to the provisions of the Trust Agreements.

22.     Plaintiff has calculated and assessed liquidated damages for the delinquent contributions referenced above in the amount of $6,751.80.

23.     A summary prepared by the Plaintiff and other supporting documents detailing the liquidated damages owed by Defendant is attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

24.     Plaintiff has demanded that Defendant pay Plaintiff the liquidated damages owed in the amount of $6,751.80 but Defendant has refused or otherwise failed to pay to Plaintiff the liquidated damages balance due.

25.     Pursuant to the provisions of the Trust Agreement, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the Plaintiff in the collection of delinquent contributions. See ERISA §502(g)(2), 29 U.S.C. §1132(g)(2).

WHEREFORE, Plaintiff prays as follows:

A.     That judgment is entered in favor of Plaintiff, CENTRAL LABORERS' PENSION FUND, and against Defendant, G & H MASONRY, LLC, in the sum of $6,751.80, plus attorneys' fees and costs;

B.     That Defendant is decreed to pay to the Plaintiff its reasonable attorneys' fees and costs as provided by the Trust Agreement;

C.     That Defendant is decreed to pay all costs attendant to these proceedings;

D.    That Plaintiff is awarded, at Defendant's cost, such further and other relief as may be available under the trust agreements, the collective bargaining agreements, or as is otherwise just and equitable.

CENTRAL  LABORERS'  PENSION  FUND, Plaintiff

By:    s/ Cressa E. Wagner
CRESSA E. WAGNER
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 W. Jefferson Street
Springfield, IL 62702
(217) 544-1771 – Telephone
(217) 544-9894 – Facsimile
cressa@cavanagh-ohara.com